**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 17-4115**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

JOSE GUADALUPE CASTRO-FERNANDEZ,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:16-cr-00298-TDS-2)

_____

Submitted:  September 28, 2017              Decided:  October 2, 2017

_____

Before WILKINSON, MOTZ, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Harvey A. Carpenter, IV, LAW OFFICES OF H.A. CARPENTER IV, Greensboro, North Carolina, for Appellant.  Randall Stuart Galyon, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Guadalupe Castro-Fernandez pled guilty to conspiracy to distribute cocaine hydrochloride, 21 U.S.C. § 846 (2012). The district court sentenced him to 57 months' imprisonment. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that, in counsel's view, there are no meritorious issues for appeal, but questioning whether the district court erred by denying Castro-Fernandez a mitigating role reduction in his offense level. Castro-Fernandez has filed a pro se supplemental brief, also addressing this issue. We affirm.

"Section 3B1.2 of the Sentencing Guidelines provides for various reductions to a defendant's offense level if the defendant played a part in committing the offense that makes him substantially less culpable than the average participant" in the criminal activity. *United States v. Powell*, 680 F.3d 350, 358 (4th Cir. 2012) (internal quotation marks omitted). A defendant may receive a four-level reduction in offense level if he was a minimal participant in the criminal activity, a two-level reduction if he was a minor participant, and a three-level reduction if her participation fell between minimal and minor. U.S. Sentencing Guidelines Manual § 3B1.2 (2016). A minimal participant is one who plays a minimal role and is "plainly among the least culpable of those involved" in the offense. USSG § 3B1.2 cmt. n.4. A minor participant is less culpable than other participants in the criminal activity, while not among the least culpable. USSG § 3B1.2 cmt. n.5. The Guidelines commentary specifies that the inquiry is fact-specific and based on the totality of the circumstances. USSG § 3B1.2 cmt. n.3(C).

The defendant bears the burden of demonstrating by a preponderance of the evidence that he is entitled to a mitigating role adjustment. *Powell*, 680 F.3d at 358-59. We have reviewed the record and the relevant legal authorities and conclude that the district court did not err in finding that Castro-Fernandez failed to meet his burden of showing that he had a minor or minimal role. *See United States v. Manigan*, 592 F.3d 621, 626 (4th Cir. 2010) (providing standard).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the judgment of the district court. This court requires that counsel inform Castro-Fernandez, in writing, of his right to petition the Supreme Court of the United States for further review. If Castro-Fernandez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Castro-Fernandez. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*